UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DR. ABDUL Q. MALIK.,

          Plaintiff,

  -against-

THE CITY OF NEW YORK, KENNETH P. THOMPSON, ERIC GONZALEZ, DEBRA JAROSLAWICZ, GLENN P. KENNY, ROBERT ADDONIZIO, ALBINA ZAVADSKY, in their official and individual capacities,

          Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-1956 (FB)(RML)

*Appearances:*
*For the Plaintiff*:
RYAN G. BLANCH, ESQ.
261 Madison Avenue, 12th Fl.
New York, New York 10016

*For Albina Zavadsky*:
CHRISTOPHER CARDILLO ESQ.
9728 3rd Avenue, Suite 308
Brooklyn, New York 11209

*For the Government Defendants*:
CORPORATION COUNSEL
ZACHARY W. CARTER
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

      Plaintiff Abdul Malik brings this action against the City of New York, former District Attorney ("DA") Kenneth Thompson, DA Eric Gonzalez, former Assistant District Attorney ("ADA") Debra Jaroslawicz, DA investigators Glenn Kenny and Robert Addonizio, and Albina Zavadsky, the owner of Ultraline Medical Testing P.C., for 42 U.S.C. § 1983 violations. Before the Court are two motions to dismiss

1

under Federal Rule of Civil Procedure 12(b)(6): one by the individual defendant Zavadsky and another by the DA Defendants (DA Gonzalez and ADA Jaroslawicz), the DA Investigators (Kenny and Addonizio), and the City of New York.  For the following reasons, defendants' motions are granted.[1]

### I.

For purposes of this motion, the Court takes as true the allegations in the complaint and draws all inferences in plaintiff's favor.  *See Weixel v. Board of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002).  To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint alleges the following facts: In July 2012, the Kings County DA's office began investigating a large criminal enterprise, known as the Vainer Organization, for health care fraud.  The investigation uncovered extensive evidence of medical professionals fraudulently billing Medicaid and Medicare.

---

[1] DA Thompson was deceased at the time Malik commenced this suit, which Malik acknowledges in his complaint. Determinations regarding whether a person has the capacity to be sued are governed by the law of that person's domicile. Fed. R. Civ. P. 17.  It appears DA Thompson was domiciled in New York.  Under New York State law, "[a]fter death, no person, natural or artificial, can be the owner of a cause of action or can appear in court and litigate a controversy." *MacAffer v. Boston & M.R.R.,* 268 N.Y. 400, 403–04 (1935); *Jordan v. Cty. of New York*, 23 A.D.3d 436, 437 (2d Dep't 2005) ("[a] party may not commence a legal action or proceeding against a dead person."). Accordingly, any claims against Thompson are dismissed.

On July 1, 2013, Malik, a cardiologist, began reviewing medical scans for Ultraline Medical Testing. Unbeknownst to Malik, Ultraline, through its owner Albina Zavadsky, assisted in the Vanier Organization's fraudulent billing of Medicaid and Medicare. Ultraline fraudulently billed for work Malik did not perform by forging Malik's signature on documents, some of which were notarized.

On March 25, 2015, a grand jury returned two indictments against Malik for health care fraud. Malik alleged that ADA Jaroslawicz coerced Zavadsky, a cooperator in the DA's case, into falsely testifying before the grand jury.

On March 26, 2015, the DA's office obtained a search warrant for Malik's HSBC bank account. HSBC records revealed Ultraline paid Malik $236,270 over a two years. Malik was arrested on March 31, 2015. He denied the allegations and requested open discovery, which Jaroslawicz opposed.

On July 21, 2017, Malik's counsel sent a report by a forensic document examiner to the DA's office. The examiner opined that Malik's signature on Ultraline's documents was forged. Upon receipt of this information, the DA's office dismissed the charges against Malik.[2]

---

[2] The complaint references Malik's indictment and the examiner's report, which defendants attached to their motion. The Court considers both. *See Thomas v. Westchester Cnty Health Care Corp.* 232 F.Supp.2d 273, 275 (S.D.N.Y. 2002) ("Documents that are integral to plaintiff's claims may . . . be considered."); *5–Star Management, Inc. v. Rogers,* 940 F.Supp. 512, 518 (E.D.N.Y. 1996) (taking judicial notice of "matters of public record"). !

## II. Zavadsky

Zavadsky moves to dismiss on numerous grounds, including that she is a private actor not liable under § 1983. However, Malik failed to respond to her arguments. Therefore, the claims against Zavadsky are deemed abandoned. *See Lipton v. Cty. of Orange*, 315 F.Supp.2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

## III. DA Defendants (DA Gonzalez and ADA Jaroslawicz)[3]

Malik alleges that the DA Defendants engaged in the following unlawful acts: (1) initiating prosecution despite exculpatory evidence; (2) presenting false evidence to a grand jury; and (3) failing to disclose *Brady* material. The DA Defendants argue that absolute immunity bars Malik's § 1983 claims against them. The Court agrees.

Under the doctrine of absolute immunity, a prosecutor cannot be liable for damages under § 1983 when acting within the scope of official prosecutorial duties. *Imbler v. Pachtman,* 424 U.S. 409, 420 (1976).

The DA defendants' alleged acts are "intimately associated with the judicial phase of the criminal process." *Imbler,* 424 U.S. at 430. Therefore, DA Gonzalez

---

[3] Because the DA represents New York in criminal prosecutions, suits against DAs in their official capacity are barred by the Eleventh Amendment. *See Ying Jing Gan v. Cty of New York,* 996 F.2d 522, 529 (2d Cir. 1993). Thus, Malik's claims against all defendants in their official capacities are dismissed.

and ADA Jaroslawicz are shielded by absolute immunity. *See, e.g.*, *Buckley v. Fitzsimmons,* 509 U.S. 259, 274 n.5 (1993) (absolute immunity shields "a prosecutor's decision to bring an indictment, whether he has probable cause or not"); *Imber*, 424 U.S. at 431 n.34 (absolute immunity shields a prosecutor's "knowing use of perjured testimony" or "deliberate withholding of exculpatory information."); *Pinaud v. Cnty. of Suffolk,* 52 F.3d 1139, 1149 (2d Cir. 1995) (absolutely immunity shields a prosecutor's "misrepresentations to the grand jury"); *Hill v. Cty. of New York*, 45 F.3d 653, 662 (2d Cir. 1995) ("failure to turn over *Brady* material" is "protected as a discretionary advocacy function").

### IV.   DA Investigators (Kenny and Addonizio)

Malik alleges that DA Investigators Kenny and Addonizio assisted ADA Jaroslawicz in the above actions and that, after Malik's indictment, Kenny drafted search warrants without articulating probable cause.

The Second Circuit has extended absolute immunity to non-lawyer employees of the DA's office when they "assist[] with the investigation and prosecution of [a] case." *Hill,* 45 F.3d at 660.  In so holding, the court in *Hill* reasoned:

> Because absolute immunity is essential to safeguarding the integrity of the judicial process, it extends to those performing functions closely associated with that process. This includes not only officials performing discretionary acts of a judicial nature but also individual employees who assist such an official and who act under that official's direction in performing functions closely tied to the judicial process.

5

*Id.* By contrast, "[i]nvestigative acts aimed at gathering and piecing together [] evidence for indications of criminal activities" are not entitled to absolute immunity. *Collins v. Cty. of New York*, 923 F. Supp. 2d 462, 471 (E.D.N.Y. 2013) (internal quotations omitted).

Kenny and Addonizio's actions were clearly prosecutorial in nature as they were undertaken to assist in the prosecution of Malik after his indictment. Since the district attorney would be entitled to absolute immunity for these actions, so too are Kenny and Addonizio. *Hill,* 45 F.3d at 660; *see E. Coast Novelty Co. v. Cty. of New York*, 809 F. Supp. 285, 291 (S.D.N.Y. 1992) (absolute immunity shields an ADA's "drafting and obtaining [of a] search warrant").

## V. The City of New York

Finally, Malik asserts *Monell* claims against the City. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978). Under *Monell*, a municipality may be liable under § 1983 when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" causes a constitutional violation. *Id*. "[A] prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor." *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010).

Malik argues that the City should be liable for the following policies or customs: (1) executing arrests without probable cause, Compl. ¶ 283; (2) violating

*Brady* requirements, *id.* ¶293; and (3) using "excessive promises of rewards and unduly coercive interrogation techniques with vulnerable potential witnesses," *id.* ¶ 283. Malik's arguments fail for the following reasons:

First, there was probable cause for Malik's arrest. The DA's probable cause determination was properly predicated on documents showing Ultraline paid Malik $236,270 and fraudulently billed Medicaid and Medicare for his services. *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983) (Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity"). The existence of probable cause evidences the lack of constitutional violation.

Second, because the DA's office dismissed Malik's case before trial, Malik's *Brady* rights were not violated. *See Schnitter v. Cty. of Rochester*, 556 F. App'x 5, 7 n.2 (2d Cir 2014) (holding that there was not a violation of plaintiff's *Brady* rights because "the charges against [plaintiff] were dropped before any trial began."). Thus, this *Monell* claim fails as well.

Third, while Malik alleges that ADA Jaroslawicz coerced Zavadsky into giving false grand jury testimony, this single act by an ADA cannot be deemed City policy. *See Hudson v. Cnty. of Dutchess*, 51 F.Supp.3d 357, 368 (S.D.N.Y. 2014) (ADAs acting without supervisory authority are not "policymakers" for the purposes of municipal liability). Notably, Malik does not allege that DA Gonzalez was aware of ADA Jaroslawicz's actions. *See Amnesty Am. v. Town of West Hartford*, 361 F.3d

7

113, 126 (2d Cir. 2004) (*Monell* liability for supervisory ratification requires that "the policymaker was aware of the subordinate's unconstitutional actions."). Accordingly, Malik's *Monell* claim against the City for Jaroslawicz's conduct fails.[4]

Therefore, Malik's claims under *Monell* are dismissed.[5]

## VI.  Conclusion

For the foregoing reasons, the defendants' motions to dismiss are GRANTED.

**IT IS SO ORDERED.**

      /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

May 27, 2020
Brooklyn, New York

---

[4] A failure to train *Monell* claim related to witness coercion also fails as Malik failed to show "a pattern of similar constitutional violations." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Instead, Malik cites to one case where a New York State Court found that a Brooklyn ADA improperly failed to correct false testimony. *People v. Giuca*, 2018 NY Slip Op 846 (2d Dep't Feb. 7, 2018). Malik cites to another case where a conviction was overturned after a Brooklyn prosecutor "coerced" a witness into testifying. *People v. Spruill*, No. 13008/95 (Sup. Ct. Kings Cnty. Mar. 23, 2017). However, these cases were reversed on appeal. Nevertheless, because neither case involved coercing witnesses into *falsely* testifying, they do not establish "a pattern."

[5] This Court declines to exercise supplemental jurisdiction over Malik's pendent state law claims.  *See* 28 U.S.C. § 1367(c)(3).